THIS is a plea in bar, on the ground that the cause of action has been already decided upon by a former decree of this Court,
*44 The question is within a narrow compass. If the former decree did decide upon the demand now made, then the plea must be sustained, for that detree cannot be examined by a new original bill. It must he by a bill of or perhaps as the Court is now constituted, by an aPPea^* To ascertain whether the former decree did decide on the present demand, it is necessary to resort to • , the decree itself. The words of it applicable to the present question, are as follow. — “ And as to the one thousand dollars, another item reported by the master, which was not mentioned in the complainant’s account, the Court refer her (the complainant) to her action at law.” The law upon the subject is extremely clear. Mitford p. 194, 195, lays it down that pleas in bar of matters recorded, or as of record, in the Court itself, or of some other Court of equity, may be,
1. A decree or order of the Court by which the rights of the parties are already determined, or another bill for the same cause dismissed. And again a decree determining the rights of the parties, and signed and enrolled, may be pleaded (in bar) to a new bill for the same matter ; for a decree enrolled can only be altered by a bill of review. But the decree must be in its nature final, or afterwards made so by order, or it will not be a bar. Upon a plea of this nature, so much of the former bill and answer must be set forth as is necessary to shew that the same point was then at issue. A decree or order dismissing a former bill for the same matter, may be pleaded in bar to a new bill. But an order of dismission is a bar only where the Court determined that the plaintiff had no title to the relief sought by this bill. These principles are illustrated by the case of Gregory vs. Molesworth, cited from 3d Atkins, 626, by the defendants counsel. It is there stated that the question is, « whether the decree is a determination of the points between the parties.” And it appears from that case that if the Court did decide on the point, it will be conclusive, though the Court may not have given reasons for the determination. With these lights to guide us *45 let us examine whether the former 'aeree, pleaded in bar, did decide the point now brought into question by the new ''ill. The case came before the Court upon the master’s .'eport, and upon exceptions thereto. The master had reported amongst other things- in favor of the complainant’s claim to g 1000, chai’ged to have been received by Dr. Polony from Mrs. Condy in trust for Mrs. Ménude, and invested by him in the purchase of three negroes, who are named. The defendant’s counsel excepted to the report in these words :
3d exception. — 1“ That the master has allowed demands, particularly one for g 1000, said to be received by Dr. Polony in 1792, although no notice is taken of these demands in the paper called an acknowledgment made by Dr. Polony in 1801, and confirmed in 1804, or in the account filed as an exhibit in this cause.”
In decreeing upon the report and exceptions, the Court said, (as above stated) that as to the g 1000, reported by the master, which was not mentioned in complainant’s account, the Court refer her (complainant) to her action at law. "Was this decree a decision upon the merits of the claim ? I incline to think not. The point made was, that the demand was not included in complainant’s account. It was therefore a surprise upon the defendant. The Court says it was not included in the account: Therefore it did not decide upon it, but referred the complainant to her suit at law. That very reference to a suit at law, shews that the Court did not decide on the merits of the claim 3 for if it had, it would have been final and conclusive. But we have seen from the authorities cited, that even a dismission, is not a bar, unless the Court determined that the plaintiff had no title to the relief sought 3 and we have also seen that the Court did not decide on the merits. It is insisted however that the referring the complainant to her suit at law is an evidence that the Court did not consider the parties entitled to relief before this tribunal, let the merits of the claim be what they might. The words will certainly bear that interpretation 3 hut they do not necessarily im *46 port so much. For having refused to decide on the me-cits of the claim, because as alleged by the exceptions, the claim for these $ 1000 was not in the account filed» explained and limited complainant’s demands,) the Court might suppose the demand susceptible of sufficient proof to be maintained at law, and therefore referred the party to a suit at law. But that point was not before the Court: it was sufficient for it to have pronounced that it could not make any decree on the claim, because it was not regularly before them. The addition of the words of reference to a Court of law, were superfluous and not demanded by the occasion, and do not amount to a bar, if the party should be able to substantiate the claim in a new bill really bringing the demand before the Court, which the former bill and account had not done. Instead therefore of a plea in bar to this bill, I apprehend the question now to be made is whether complainant has such plain and adequate remedy at law, as sought to preclude her from coming into this Court. But that question cannot be decided on this plea, which relies upon a former decree, deciding upon this claim, which in my opinion has not been the case-When this plea is overruled, that question may be made, and it will involve the consideration whether the money alledged to have been received by Dr. Polony was not received by him as a trustee, and in that character invested in the purchase of negroes, which ought to be deem, ed the property of the complainant. But that question is not now before me. I shall not therefore undertake to decide it. The plea in bar must, however, be overruled.
W. L. Smith, for complainant.
(xeddes & Cheyes, for defendant.